# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| VIRGINIA EDWARDS as Administrator Ad Litem of the ESTATE OF JOSEPH ADAM DENTON, deceased, | ) ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | Case No.: 3:26-cv-00705 |
| | ) | JURY DEMAND |
| RUTHERFORD COUNTY, TENNESSEE, RUDD MEDICAL SERVICES, P.L.C., JOHN DANIEL RUDD, M.D., and JOHN DOES 1-10, | ) ) ) ) ) ) | |
| Defendants. | | |

---

## FIRST AMENDED COMPLAINT

---

Plaintiff, Virginia Edwards, as the Administrator Ad Litem of the Estate of Joseph Adam Denton, deceased, brings this First Amended Complaint for damages against the Defendants named herein.

## Parties

1. Plaintiff Virginia Edwards brings this action as the Administrator Ad Litem for the Estate of Joseph Adam Denton, deceased (hereinafter "Decedent"). Plaintiff Edwards was appointed Administrator Ad Litem for Cause of Action for the Estate of Joseph Adam Denton and resides at 11041 S Windrow Road, Rockvale, Tennessee 37153. The Order appointing Plaintiff as Administrator Ad Litem is attached hereto as Exhibit 1.

1

2. Decedent was incarcerated at the Rutherford County Adult Detention Center at the time of his death on May 31, 2025.

3. Defendant Rutherford County, Tennessee is a political subdivision of the State of Tennessee.

4. Defendant Rudd Medical Services, P.L.C. is a Tennessee Professional Limited Liability Company that provides medical services to inmates at the Rutheford County Adult Detention Center with its principal office located at 1034 Highland Ave, Ste. A, Murfreesboro, Tennessee 37130.

5. Defendant John Daniel Rudd, M.D. is or was the acting Medical Director for the Rutherford County Adult Detention Center at the time of Decedent's death and an employee of Rudd Medical Services, P.L.C. Defendant John Daniel Rudd, M.D. is sued in his individual capacity.

6. Defendants John Does 1-10, upon information and belief, are law enforcement officers, guards, jail staff, medical staff, and/or employees or agents of Defendants and/or the Rutherford County Adult Detention Center who showed deliberate indifference to the Decedent's serious medical needs and failed or refused to respond to the medical emergency that led to Decedent's death. These Defendants are sued in their individual capacities.

### Jurisdictional Statement

7. Count I, below, is a civil action for deprivation of constitutional rights brought pursuant to 42 U.S.C. § 1983. Count I presents a federal question over which this court has original jurisdiction pursuant to 28 U.S.C. § 1331 and constitutes a claim to redress the deprivation, under color of any state law, statute, ordinance, regulation, custom, or usage of a right secured by the

Constitution of the United States, over which this court has jurisdiction pursuant to 28 U.S.C. § 1343(a)(3).

8. Count II, below, is a claim for damages brought under the tort laws of the State of Tennessee that are so related to the federal-question claim in this action that they form a part of the same case or controversy under Article III of the United States Constitution. Accordingly, Count II of this action falls within this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

**Facts**

9. At the time of his death on May 31, 2025, Decedent Joseph Adam Denton was incarcerated in the Rutherford County Adult Detention Center and had been since August of 2022.

10. Decedent suffered from a number of medical conditions, including an orthopedic disease that made walking difficult and painful and necessitated the use of a wheelchair. Decedent also had all of his teeth removed prior to his incarceration, which made chewing difficult and/or impossible, and Decedent requested a soft diet in August of 2022 while he was being processed into the jail.

11. Defendants were all aware that Decedent had no teeth and had requested a soft diet.

12. Despite Decedent's request for a soft diet, he was repeatedly and routinely served foods that were not consistent with a soft diet and were difficult for Decedent to chew and swallow.

13. On May 31, 2025, Defendants served the Decedent a regular diet meal including chicken as a protein.

3

14.     Decedent was in his cell on the second floor of the jail attempting to eat his meal when he began choking.

15.     Other inmates in the immediate vicinity came to Decedent's aid and began calling and signaling for the guards, jail staff, and/or medical staff members to provide assistance.

16.     Upon information and belief, there were multiple guards, jail staff, and/or medical staff members who observed Decedent choking, but they refused and/or failed to offer assistance or call for help.

17.     Upon information and belief, Defendants John Does 1-10, who were guards, jail staff, and/or medical staff members employed by one or more of the Defendants could visibly see the Decedent choking and/or heard the calls of other inmates and knew there was a medical emergency.

18.     Decedent became unresponsive and then briefly regained consciousness, but quickly became unresponsive again and went into cardiac arrest.

19.     Despite observing this and hearing the calls and frantic pleas of other inmates, the guards, jail staff, and/or medical staff members present refused and/or failed to call for help or initiate a code response to the medical emergency until it was too late.

20.     Finally, a guard, jail staff member, and/or medical staff member initiated a "Code 4" and medical staff at the jail responded to the scene.

21.     When medical staff finally arrived to offer assistance, Decedent was pulseless and unresponsive. CPR and other life saving measures were administered, and EMS eventually arrived, but Decedent never regained consciousness.

4

22.    Decedent was declared dead at 12:57 p.m. on May 31, 2025. His death certificate lists "complications of choking" as the cause.

## <u>Count I: Section 1983 Claim For Wrongful Death</u>

23.    Under the Eighth and Fourteenth Amendments to the United States Constitution, the Decedent, an incarcerated person under the custody and control of Defendant Rutherford County, was entitled to humane conditions of confinement and adequate medical care.

24.    Defendants Rutherford County, Rudd Medical Services, P.L.C., John Daniel Rudd, M.D., and John Does 1-10 were aware and cognizant of Decedent's serious medical needs, including his need for a soft diet and the risk of choking posed to the Decedent by a failure to provide him with a soft diet.

25.    Defendants Rutherford County and Rudd Medical Services, P.L.C. knew or had reason to know that guards, jail staff, and/or medical staff at the Rutherford County Adult Detention Center were inadequately trained in providing medical care, identifying the serious medical needs of inmates, and in responding to medical emergencies.

26.    Defendants Rutherford County and Rudd Medical Services, P.L.C. knew or had reason to know that guards, jail staff, and/or medical staff at the Rutherford County Adult Detention Center frequently failed to provide inmates with adequate medical care.

27.    Defendants Rutherford County and Rudd Medical Services, P.L.C. knew or had reason to know that guards, jail staff, and/or medical staff at the Rutherford County Adult Detention Center frequently violated the constitutional rights of inmates by refusing or failing to provide them with medical care despite knowing of their serious medical needs.

28. Defendants Rutherford County and Rudd Medical Services, P.L.C. violated the constitutional rights of the Decedent and acted with deliberate indifference towards the Decedent's serious medical needs in the following ways:

(a) Through a custom and practice of inadequately training guards, jail staff, and/or medical staff to identify the serious medical needs of the inmates, provide them with appropriate medical care, and to respond to medical emergencies;

(b) Through a custom and practice of knowingly allowing guards, jail staff, and/or medical staff to violate the constitutional rights of inmates like the Decedent by failing or refusing to provide them with adequate medical care despite their serious medical needs;

(c) Through a custom and practice of not meeting the specific dietary needs of the inmates housed at the Rutherford County Adult Detention Center; and

(d) Through a custom and practice of refusing to discipline, re-train, or terminate guards, jail staff, and/or medical staff who they knew or had reason to know had refused or failed to provide inmates like the Decedent with adequate medical care despite their serious medical needs or who had engaged in other serious constitutional violations or acts of deliberate indifference that jeopardized the life and health of the inmates.

29. Defendants Rutherford County and Rudd Medical Services, P.L.C. consciously disregarded the excessive risk of harm to the health and well-being of the Decedent and inmates like the Decedent who had serious medical needs by allowing, endorsing, or acquiescing in the customs and practices as alleged herein.

30. Defendants John Daniel Rudd, M.D. and John Does 1-10 acted with deliberate indifference towards the Decedent by refusing to order or prescribe a soft diet for the Decedent, or

6

provide him with a soft diet when available, in disregard of his serious medical needs and the corresponding excessive risk of harm to the Decedent's health and well-being.

31. Defendants John Does 1-10 acted with deliberate indifference towards the Decedent by refusing and/or failing to provide or call for assistance in a timely manner when they observed Decedent choking, gasping for breath, and having a life-threatening medical emergency, disregarding his serious medical needs and the corresponding excessive risk of harm to the Decedent's health and well-being.

32. These acts and omissions by the Defendants were the actual and proximate cause of Decedent's injuries and death and all losses therefrom.

33. The customs and practices of Defendants Rutherford County and Rudd Medical Services, P.L.C. amounted to deliberate indifference and demonstrated a tolerance of and acquiescence to constitutional violations; and these customs and practices led to, caused, and resulted in the Decedent's injuries and death.

34. The acts and omissions by the Defendants deprived the Decedent of his constitutional rights to humane confinement and adequate medical care.

35. As a result of all acts omissions of Defendants as alleged herein, Decedent Joseph Denton suffered pain, physical injuries, extreme mental and emotional anguish, and loss of life.

36. Defendants are liable for their acts and omissions amounting to deliberate indifference towards the serious medical needs of the Decedent, which directly led to his untimely death.

## Count II: Negligence

37. Under Tennessee law, Defendants had a duty to use reasonable care to protect the life and health of the Decedent while he was in their custody and control.

38. Under Tennessee law, Defendants had a duty to use reasonable to care to provide the Decedent with adequate medical care and to use reasonable care in responding to medical emergencies in the jail.

39. Under Tennessee law, Defendants had a duty to use reasonable care in providing the Decedent with food that was safe for the Decedent to eat and/or that the Decedent was safely capable of eating.

40. Defendants breached their duties of care to the Decedent by failing to take reasonable measures to protect his life and health.

41. Defendants breached their duties of care to the Decedent by failing to provide him with food in a form that was safe for him to eat and that did not pose unreasonable risks to his life and health.

42. Defendant John Daniel Rudd, M.D. breached his duty of care to the Decedent by failing to order or prescribe a diet of soft foods for the Decedent, and these acts and omissions fell below the applicable standard of care.

43. Defendants Rutherford County and Rudd Medical Services, P.L.C. breached their duties to the Decedent by failing to adequately supervise or train their employees and agents in the provision of medical care to inmates and in responding to medical emergencies.

44.     Defendants Rutherford County and Rudd Medical Services, P.L.C. breached their duties to the Decedent by negligently hiring and retaining guards, jail staff, and/or medical staff who they knew or had reason to know were unfit for the job.

45.     Defendants John Does 1-10 breached their duties of care to the Decedent by failing to provide him with food in a form that was safe for him to eat.

46.     Defendants John Does 1-10 breached their duties of care to the Decedent by failing to act promptly or with urgency when they knew Decedent was choking and/or having a medical emergency on May 31, 2025, and by unnecessarily delaying the provision of medical services to the Decedent in an emergency.

47.     The acts and omissions of Defendants John Does 1-10 and of John Daniel Rudd, M.D., are imputed to Defendants Rutherford County and Rudd Medical Services, P.L.C. through the doctrine of respondeat superior and/or the principles of agency and for which these Defendants are vicariously liable.

48.     The acts and omissions of Defendants as alleged herein were negligent and were the actual and proximate cause of Decedent's injuries and death and all losses therefrom.

49.     The acts and omissions of Defendants John Does 1-10 in refusing to provide medical care or assistance when they knew the Decedent was having a medical emergency were intentional and were the actual and proximate cause of Decedent's injuries and death.

50.     To the extent that the requirements of the Tennessee Healthcare Liability Act are deemed to apply or have any effect, Plaintiff affirmatively pleads compliance with the pre-suit notice requirements under Tennessee Code Annotated Section 29-26-121(a)(1). Proof of compliance is attached hereto as Exhibit 2.

## Damages

51.     As a direct result of the acts and omissions of Defendants as alleged herein, Joseph Adam Denton, Decedent, suffered physical pain, emotional distress, mental anguish, bodily injury, and death.

52.     Decedent incurred medical expenses and funeral expenses as a result of his injuries and death.

53.     Decedent suffered a loss of future earnings as a result of his untimely death.

**WHEREFORE**, premises considered, Plaintiff prays:

1.  For a jury to try this cause;

2.  For judgment against the Defendants in the amount of five million dollars ($5,000,000) for compensatory and punitive damages caused by the Defendants' acts of deliberate indifference, negligence, and intentional torts;

3.  For costs of this action to be taxed to the Defendants; and

4.  For all other relief to which Plaintiff is entitled under federal or state law.

**THE HIGGINS FIRM, PLLC**

**Nathan H. Mauer (BPR # 29690)**
**200 Hart Street**
**Nashville, TN 37210**
**(615) 353-0930 (p)**
**(888) 210-5883 (f)**
**nmauer@higginsfirm.com**
*Counsel for Plaintiff*

10